Larry Eugene BLEHM, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 90SC182.

Supreme Court of Colorado, En Banc.

Sept. 23, 1991.

Rehearing Denied Oct. 21, 1991.

David F. Vela, State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Denver, for respondent.

**988**

Justice QUINN delivered the Opinion of the Court.

This is a companion case to *Blehm v. People*, 817 P.2d 988 (Colo.1991), and involves identical issues in a different factual context. The defendant, Larry Eugene Blehm, was convicted of holding a hostage, § 18–8–207, 8B C.R.S. (1986), and was adjudicated an habitual criminal. Blehm appealed his adjudication of habitual criminality, claiming that his prior felony convictions resulted from unconstitutional pleas of guilty or *nolo contendere* to various felony charges. The court of appeals affirmed the judgment, and we granted Blehm's petition for certiorari to consider the constitutional validity of the prior felony convictions used to support his habitual criminal adjudication. We now affirm the judgment of the court of appeals.

On October 30, 1985, while incarcerated in the Larimer County Jail on a charge of third degree burglary, Blehm grabbed a deputy sheriff around the neck and held him by the throat while he instructed another inmate to open the cell doors of the unit in which Blehm was incarcerated. The other inmate was unable to open the doors, and Blehm subsequently released the officer. Blehm was charged by information with the class 2 felony of holding a hostage. The information also included seven counts of prior felony convictions as the basis for an adjudication of Blehm as an habitual criminal. Two of the habitual criminal counts alleged a 1970 Florida conviction for robbery and a 1979 Florida conviction for escape. The five other counts alleged a 1975 Colorado conviction for felony theft, a 1975 Colorado conviction for escape, a 1976 Colorado conviction for conspiracy to commit escape, a 1978 Colorado conviction for aggravated robbery, and another 1978 Colorado conviction for conspiracy to commit escape. Claiming that the prior felony convictions were the result of involuntary pleas of guilty or *nolo contendere*, Blehm moved to dismiss the habitual criminal counts. The trial court denied Blehm's motion, and he was subsequently convicted of holding a hostage and was sentenced to life imprisonment as an habit-

ual criminal. After the court of appeals affirmed the judgment, Blehm petitioned this court to review the constitutional validity of the prior felony convictions used to support his adjudication as an habitual criminal.

The prior felony convictions used to support the habitual criminal adjudication in this case are the very same convictions which were at issue in *Blehm v. People*, 817 P.2d 988, and Blehm challenges these convictions on the same grounds asserted and rejected in that case. Our decision in *Blehm*, therefore, is controlling and dispositive of the issues before us.

We affirm the judgment of the court of appeals.